IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO

       Plaintiff,

v.                                                                                                       No. 1:23-cv-00019-DHU-SCY

HEATHER MAE THOMAS,

       Defendant.

**MEMORANDUM OPINION AND ORDER
REMANDING CASE TO SANTA FE MUNICIPAL COURT**

Defendant, who is proceeding *pro se*, filed a Notice of Removal which refers to the "Municipal Court of New Mexico, Santa Fe, New Mexico" ("Santa Fe Municipal Court") and contains a copy, marked "VOID," of Defendant's birth certificate.  Notice of Removal at 1, 3, Doc. 1, filed January 6, 2023.  While the Notice of Removal provides a "Case Number," which resembles a social security number, in the caption where the case number for this action should appear, it does not identify the case the case number of the case Defendant is attempting to remove from Santa Fe Municipal Court.  *See* Notice of Removal at 1; *see also* Application at 5 (indicating the last four digits of Defendant's social security number which match the last four digits of the "case number" in the caption of the Notice of Removal); Certificate of Service, Doc. 3, filed January 6, 2023 (which states: "Let it be known by all immigration clerks and all Secretaries of State for now and forever that i am not nor will i ever be a U.S. Citizen and U.S. National. You have three days to bring forth proof that i am" and appears to contain Defendant's social security number).  The Notice of Removal does not contain a short and plain statement of the grounds for removal or a copy of all process, pleadings and orders served upon Defendant in the Santa Fe Municipal Court case.  *See* 28 U.S.C. §§ 1441-1446 (removal of cases from state court).

United States Magistrate Judge Steven C. Yarbrough ordered Defendant to: (i) show cause why the Court should not remand this case to Santa Fe Municipal Court for failure to provide a statement of the grounds for removal and for failure to comply with or satisfy the statutes governing removal of cases from state court; and (ii) file an amended Notice of Removal which contains a statement of the grounds for removal. *See* Order to Show Cause at 3, Doc. 5, filed January 10, 2023 (notifying Defendant that failure to timely show cause and file an amended Notice of Removal may result in the Court remanding this case to the Santa Fe Municipal Court).

Defendant did not show cause why the Court should not remand her case. Defendant filed a document, which the Clerk's Office filed as an "Amended Notice of Removal," which is essentially identical to her original Notice of Removal. *See* Amended Notice of Removal, Doc. 6, filed January 17, 2023. The Amended Notice of Removal identifies the State of New Mexico as plaintiff, indicates Defendant's mailing address is in New Mexico, and states: "The United States Constitution, in Article III, § 2, gives the Congress the power to permit federal courts to hear diversity cases through legislation authorizing such jurisdiction." Amended Notice of Removal at 1. The Amended Notice of Removal does not contain any statements: (i) identifying or describing the action in Santa Fe Municipal Court; (ii) of the grounds for removal; (iii) showing that the Court has original jurisdiction over the action in Santa Fe Municipal Court; or (iv) showing that the Court has diversity jurisdiction over the action in Santa Fe Municipal Court.

Defendant has not shown that she can remove her case from Santa Fe Municipal Court pursuant to 28 U.S.C. §§ 1441-1446 because Defendant has not stated the grounds for removal and has not shown that the Court has jurisdiction over the action in Santa Fe Municipal Court. Consequently, the Court must remand this case to Santa Fe Municipal Court. *See*

28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

**IT IS ORDERED** that this case is remanded to Santa Fe Municipal Court.

_____
**UNITED STATES DISTRICT JUDGE**